Clarence Bennie KRIGBAUM and John Henry Krigbaum, Plaintiffs in Error,

v.

Myrtle L. KRIGBAUM, Executrix, Defendant in Error.

No. 36195.

Supreme Court of Oklahoma.

Jan. 18, 1955.

Rehearing Denied Feb. 15, 1955.

·R. Place Montgomery, Hobart, for plaintiff in error.

Tolbert & Gillespie, Hobart, for defendant in error.

WELCH, Justice.

The Oklahoma Tax Commission assessed inheritance taxes of the amount of $2,751.21 against the estate of Benny M. Krigbaum, deceased, under a finding of total taxable estate of $81,024.19. The correctness of the assessment and the amount thereof is not in question.

This is an appeal from a judgment determining respective amounts of the total assessed taxes to be paid, as between the appellants, Clarence Benny Krigbaum and John Henry Krigbaum, devisees under the will of Benny M. Krigbaum, deceased, and the appellee, Myrtle L. Krigbaum, executrix, and a devisee under the will.

The facts are not in dispute. By the aforesaid will, the appellants were devised certain real estate, which property is listed in the general inventory and appraisement of the decedent's estate at an appraised value of $15,000.

By the said will, the appellee was devised a life estate in certain real estate, with remainder to the appellants. This certain property is listed in the general inventory and appraisement at an appraised value of $16,000. All other properties of the taxed estate are left to the appellee. The will contains a provision as follows:

"It is my further wish and my specific direction, that the devices and bequests herein set forth, shall be subject to the payment of inheritance taxes by the said devisees herein named, the said devisees herein named to pay their proportionate part of the inheritance taxes based upon the appraised valuation, as fixed in my estate, and that the inheritance taxes be taxed against the devisees and bequests and paid by each devisee upon his or her proportionate part of said estate, based upon the appraised valuation."

The trial court by its judgment ordered that the appellants pay $833.62 of the in-

heritance taxes and that appellee pay $1917.-59.

Appellants contend the judgment is not sustained by and is contrary to the evidence.

In 85 C.J.S., Taxation, §§ 1177, 1178, it is stated:

"A life estate is to be appraised, for inheritance tax purposes, in the same manner as an annuity, except in so far as statutes may indicate a different intent on the part of the legislature. It is to be appraised at its cash value as of the date of the death of the decedent or the date of the appraisal, according as the estate is vested or contingent at decedent's death * * *. The basis of valuation is the life tenant's expectancy of life, rather than the actual duration of his or her life, and the calculation is to be made according to the standard tables of mortality in use by actuaries, life insurance companies, or the superintendent of insurance; * *. Certainly, a life estate should not be valued as though it were a fee simple."

"Except in so far as statutes may otherwise provide, generally, where there is a simple vested remainder after an annuity, life estate, or other fixed and vested preceding estate, its value is to be determined by deducting the appraised value of the annuity or preceding estate from the corpus of the fund or property."

By the terms of 68 O.S.1951 § 989 a tax is levied upon the transfer of the net estate of every decedent. The tax is levied against the entire net estate. Herein, as to a certain part of the estate of the decedent, a life estate was devised to the appellee and the remainder to the appellant. The question is presented, what is each devisee's proportionate part of the estate against which the inheritance taxes were levied?

Section 989o of Title 68, supra, provides:

"Whenever a transfer of property is made upon which there is, or in any contingency may be, a tax imposed, such property shall be appraised at its full value immediately upon the transfer or as soon thereafter as practicable.

The value of every future or limited estate, income, interest or annuity dependent upon life or lives in being shall be determined by the rule, method and standard of mortality and value employed in ascertaining the value of policies of life insurance and annuities for the determination of liabilities of life insurance companies, using the American Experience Table of Mortality, except that the rate of interest for making such computation shall be five (5%) per cent per annum. Laws 1939, p. 431, § 16."

The record reflects that the certain real estate devised in life estate to the appellee and in remainder of the appellants was appraised as a whole property at $16,000.00, and that the appellee, at the time of her taking, had a life expectancy of 15.77 years as reckoned by the American Experience Table of Mortality.

In application of the statutory formula, supra, to the evidence herein, and thereby with application of 5% to $16,000 to 15.77 years, we find the appraised value of the life estate is $12,616. With application of the general rule that value of a vested remainder after life estate is determined by deducting the appraised value of the preceding estate from the value of the body of the property, we find that appellant's remainder has an appraised value of $3384.

In addition to the bequest of said remainder the appellants were devised other property of an appraised value of $15,000. Accordingly, we find that $18,384 represents the appraised valuation of the property devised to appellants and constituting the appellants' proportionate part of the estate against which the inheritance tax was assessed. The tax of $2751.21 was assessed on a total taxable estate of $81,024.19, and $18,384.00 represents 22.7% of said total estate taxed. Thus we find that appellants are required to pay 22.7% of the total tax, or a sum of $624.52, and appellee the sum of $2126.69 to meet the requirement of the will of the decedent that such devisees pay their proportionate part of the inheritance taxes based upon the appraised valuation of the bequests taken by them.

The judgment of the trial court is reversed. The cause is remanded, with directions that further proceedings be had consistent with the views herein expressed.

JOHNSON, C. J., WILLIAMS, V. C. J. and DAVISON, ARNOLD, HALLEY, BLACKBIRD and JACKSON, JJ., concur.

CORN, J., dissents.